UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05CV-163-M**

**BRAD FLEMING**                                                                                          **PLAINTIFFS**

**V.**

**ANDRX CORPORATION**
**and**
**LIBERTY MUTUAL INSURANCE COMPANY**                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Three matters are before the Court. Defendant, Andrx Corporation, has filed a motion to dismiss [DN 7] the Complaint against it. The other named Defendant, Liberty Mutual Insurance Company, has filed a motion for summary judgment [DN 21]. The Plaintiff, Brad Fleming, has also filed a motion to amend his Complaint [DN 19]. Fully briefed, these matters stand ripe for decision. For the following reasons, Andrx Corporation's Motion to Dismiss is **GRANTED**, Liberty Mutual Insurance Company's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion to Amend his Complaint is **DENIED as moot.**

### I. BACKGROUND

This case arises out of an automobile accident. At the time of the accident, Brad Fleming, the Plaintiff in this action, was a passenger in a vehicle that was owned by his father and that was being driven by his brother. As a result of the accident, Plaintiff sustained serious internal injuries for which he now seeks relief.

Plaintiff is employed by Andrx Corporation as a pharmaceutical sales representative. Andrx Corporation ("Andrx"), in turn, has a policy of insurance with Liberty Mutual Insurance Company ("Liberty Mutual"). Plaintiff has named both Andrx and Liberty Mutual as Defendants in this action, and he alleges that he is entitled to coverage under the insurance policy (the "Policy) that Liberty Mutual has provided Andrx. Andrx provided Plaintiff with a vehicle as part of his employment, which Plaintiff was permitted to drive for both business and personal use. Plaintiff testified that the Andrx vehicle was in working condition at the time of the accident, but the Andrx vehicle was, in no way, involved in the accident.

In light of the accident, Plaintiff has filed suit against Andrx and Liberty Mutual. In his Complaint, Plaintiff alleges that he is entitled to underinsured motorists benefits ("UIM")[1] or uninsured motorists benefits ("UM")[2] from Liberty Mutual under the Policy that Andrx had with Liberty Mutual at the time of the accident. Plaintiff now seeks to amend his Complaint to add a bad faith claim. Andrx has filed a motion to dismiss and Liberty Mutual has filed a motion for summary judgment.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there

---

[1] "Underinsured motorist" means a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident. KRS § 304.39-320(1).

[2] Although Plaintiff refers to UM benefits in his Complaint, he notes in his Response that he is not seeking UM benefits in this case.

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

### III. DISCUSSION

The Court will first address the Liberty Mutual's Motion for Summary Judgment because granting that motion would control the ultimate disposition of the remaining matters before the Court. In its motion, Liberty Mutual argues that summary judgment should be granted for three reasons: (1) the Policy does not provide UIM or UM coverage to the

Plaintiff; (2) a proper interpretation of the Policy would preclude UIM and UM coverage for the Plaintiff; and (3) the Plaintiff was not in an "uninsured motor vehicle" when the accident occurred and, thus, is not entitled to UM benefits. Plaintiff disputes these rationales and contends that he is entitled to coverage under the Policy.

> The Policy at issue states as follows:
>
> A. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle."
>
> B. Who is an insured
> If the Named Insured is designated in the Declarations as:
> 2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
> a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "Auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

The Policy later defines "Auto" as
> Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins.

The word "You" refers to Andrx, the named insured.

Contractual terms must be given their plain meaning. O'Bryan v. Massey-Ferguson Inc., 413 S.W.2d 891, 893 (Ky. 1966). "Terms in an insurance policy are to be given their plain meanings, and courts should not make a different insurance contract for the parties by enlarging the risk contrary to the natural and obvious meaning of the existing contract." Pierce v. West American Ins. Co., 655 S.W.2d 34, 36 (Ky.App. 1983). In St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc., 870 S.W.2d 223, 226 (Ky. 1994), the court

stated that "the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract."

In this case, the Policy language is clear and unambiguous, as is the intent. The Policy specifically limits those who can be insureds to those who either occupied a covered auto or a temporary substitute for a covered auto. There is no dispute that Plaintiff was a passenger in a vehicle that was neither an Andrx vehicle nor a temporary substitute for an Andrx vehicle. By the terms of the Policy, it is unambiguous on these facts that Plaintiff was not an insured.

Plaintiff's reliance on Dupin v. Adkins, 17 S.W.3d 538 (Ky. 2000) is misplaced. In that case, the plaintiff was the named insured. Id. at 539. That is not the case here. To be covered under the Policy, Plaintiff would have had to be occupying a covered automobile or a temporary substitute for a covered automobile at the time of the accident. Furthermore, Plaintiff's argument that he had a reasonable expectation of UIM coverage has no merit. While the Court would construe any ambiguity in the contract or doubt as to the intent of the drafter in favor of the insured, this particular Policy contains no ambiguity.[3]

Since the Court has concluded that Liberty Mutual's Motion for Summary Judgment should be granted, the Court also grants Andrx's Motion to Dismiss and denies Plaintiff's Motion to Amend his Complaint as moot.

---

[3] Based on this holding, the Court need not discuss Liberty Mutual's argument that Plaintiff was not in an "uninsured motor vehicle" when the accident occurred and, thus, is not entitled to UM benefits.

## IV. CONCLUSION

For the foregoing reasons, Andrx Corporation's Motion to Dismiss [DN 7] is **GRANTED**, Liberty Mutual Insurance Company's Motion for Summary Judgment [DN 21] is **GRANTED**, and Plaintiff's Motion to Amend his Complaint [DN 19] is **DENIED as moot.**

cc: counsel of record
05cv-163Fleming